UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERARD WIENER, individually,
and as personal representative
of the estate of ROLAND WIENER,

        Plaintiff,

v.

BANKERS TRUST COMPANY,
a foreign company, GMAC
MORTGAGE, LLC, a Delaware
corporation, FEDERAL HOME LOAN
MORTGAGE CORPORATION, a foreign
corporation, JEFFREY BASKIN,
an individual, LAUREN NEWMAN,
an individual, and FIFTH THIRD
MORTGAGE - MI, LLC,

        Defendants,

AND

JEFFREY BASKIN, an individual,
and LAUREN NEWMAN, an individual,

        Defendants/Counter-Plaintiffs,

v.

GERARD WIENER, individually,
and as personal representative
of the estate of ROLAND WIENER,

        Plaintiff/Counter-Defendant,

and

FEDERAL HOME LOAN MORTGAGE
CORPORATION, a foreign corporation,

        Defendant/Cross-Defendant.

_____/

Case No. 11-CV-10770
HON. GEORGE CARAM STEEH

OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT (#41, 56, AND 58) EXCEPT AS TO
GMAC MORTGAGE, LLC AND DENYING PLAINTIFF'S MOTION
TO EXTEND DATES AND PERMIT DISCOVERY (#74)

On June 22, 2010, plaintiff filed a complaint in Oakland County Circuit Court asserting various claims relating to the foreclosure of Roland Weiner's property and seeking to have the foreclosure sale set aside. On February 24, 2011, the case was removed to this court. On November 8, 2011, plaintiff filed the third amended complaint asserting the following claims: (1) violation of Michigan's foreclosure statute; (2) negligence; (3) breach of contract; (4) agency/respondeat superior with regard to Patricia Scully's employment relationship with defendant GMAC; (5) temporary restraining order and permanent injunction; (6) conversion; (7) declaratory judgment; (8) action to determine interest in land under MCR 3.411; and (9) slander of title. Defendants filed three motions for dismissal or summary judgment. The motions are fully briefed. Since the filing of the motions, the proceedings against defendant GMAC Mortgage, LLC have been automatically stayed as a result of GMAC's bankruptcy filing. On June 13, 2012, plaintiff filed a motion to extend the dates and permit discovery. Defendants filed responses. On June 18, 2012, the court held oral argument on the motion to extend and the motions for dismissal or summary judgment.

At the hearing, plaintiff agreed to dismiss defendant Bankers Trust Company with prejudice. The motion for dismissal or summary judgment filed by Bankers Trust Company and GMAC (#41) is therefore GRANTED as to Bankers Trust Company. As set forth above, the proceedings against defendant GMAC are stayed and therefore the court will not address GMAC's request for dismissal or summary judgment.

For the reasons set forth below, the remaining motions for dismissal or summary judgment (#56 and #58) are GRANTED and plaintiff's motion to extend the dates and permit discovery (#74) is DENIED.

BACKGROUND

In February 1997, Ronald Weiner, plaintiff's father, obtained a loan in the amount of $87,500. To secure repayment of the loan, Weiner granted a mortgage against the house at 1946 Parmenter Blvd., Apt. 305, Royal Oak, Michigan. The loan and mortgage were subsequently assigned to Bankers Trust. At some point, the loan went into default for nonpayment. Weiner passed away on January 23, 2009, and plaintiff became the personal representative for his estate on June 30, 2009.

In November 2008, plaintiff alleges he began contacting GMAC Mortgage, the servicer, to discuss the possible refinance of the mortgage. GMAC moved forward with foreclosure by advertisement and a sheriff's sale was scheduled for September 8, 2009. Plaintiff alleges that he requested a meeting to discuss a potential loan modification in August 2009. Consequently, GMAC adjourned the scheduled foreclosure sale multiple times over a four month period.

On October 8, 2009, GMAC sent plaintiff a six month special forbearance agreement that, if executed, would have adjourned the scheduled foreclosure sale while plaintiff and GMAC continued to try to work out a loan modification. The forbearance agreement called for specific payment obligations. The forbearance agreement called for six payments of $480.79 each, beginning on November 15, 2009 and ending on April 15, 2010. The agreement provides that "[i]t is absolutely critical that you continue to make your monthly payments as we have outlined above...And don't forget: please send your payments by

certified funds to the following address: Default Payment Processor, 3451 Hammond Ave, Waterloo, IA 50702." Plaintiff never returned a signed copy of the agreement nor made the monthly payments pursuant to the agreement. Plaintiff also asserts that he attempted to make a payment but was denied access to his account.

On January 5, 2010, the foreclosure sale took place. Freddie Mac was the high bidder at the foreclosure sale with a bid of $65,000. The redemption period was six months, meaning July 5, 2010 was the expiration date for plaintiff to pay Freddie Mac back for its high bid plus interest and other costs or Freddie Mac would become the fee owner of the property.

On June 22, 2010, plaintiff filed suit in Oakland County Circuit Court against Bankers Trust and GMAC seeking to, among other things, set aside the foreclosure sale. Plaintiff did not name Freddie Mac as a party. Freddie Mac had been identified as the high bidder at the foreclosure sale in the Sheriff's Deed recorded five months earlier with the Oakland County Register of Deeds. Plaintiff recorded a notice of lis pendens against the property, but again, did not identify Freddie Mac as a party.

On June 30, 2010, plaintiff, Bankers Trust, and GMAC stipulated to an order purporting to toll the redemption period applicable to the foreclosure sale. The agreement is memorialized in a circuit court order which states that pursuant to the parties' stipulation, the redemption period is tolled pending further order of the court.

On July 7, 2010, an individual at GMAC sent an email to Foreclosuresales@freddiemac.com stating the account was in litigation and that plaintiff was "currently seeking to extend redemption period (expires July 5)."

On September 20, 2010, Freddie Mac sold the property to Newman and Baskin in exchange for $66,000.  The title commitment prepared in connection with the purchase of the property did not identify plaintiff's lis pendens.  Newman and Baskin purchased the property using a loan obtained from Fifth Third Bank.  Repayment of the loan is secured by a mortgage granted to Fifth Third against the property.

On November 24, 2010, plaintiff filed an amended complaint adding Freddie Mac, Baskin, and Newman as defendants.  Fifth Third was added as a party when plaintiff filed his third amended complaint.

On January 30, 2012, defendants Bankers Trust Company and GMAC Mortgage, LLC filed a motion for dismissal or summary judgment.  As noted above, the proceedings against defendant GMAC are stayed as a result of GMAC's bankruptcy filing and plaintiff agreed to dismiss Bankers Trust.  The motion is therefore granted as to Bankers Trust.

On March 29, 2012, defendant Freddie Mac filed a motion for dismissal or summary judgment.  Freddie Mac argues it is entitled to summary judgment on all of plaintiff's claims against it and that plaintiff has failed to state a claim upon which relief may be granted as to the conversion claim.

On March 29, 2012, defendants Jeffrey Baskin, Lauren Newman, and Fifth Third Mortgage filed a motion for summary judgment.  In their motion, these defendants argue plaintiff's claim fails because Freddie Mac, the high bidder at the foreclosure sale, was not subject to the action in which the Oakland County Circuit Court tolled the expiration of the redemption period and thus the order did not toll the expiration of the redemption period. Thus, the redemption period expired and Freddie Mac sold the property to Newman and Baskin.  These defendants argue plaintiff's quiet title claim is therefore factually and legally

devoid of merit and should be dismissed.  As plaintiff's declaratory relief claim is based on the quiet title claim, defendants argue it should be dismissed as well.

On June 13, 2012, plaintiff filed an ex parte motion to extend dates and permit discovery.  Defendants filed responses prior to the June 18, 2012 hearing on the dispositive motions.  Following the hearing, plaintiff filed a supplemental brief.

STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in favor of the plaintiff, accept the factual allegations as true, and determine whether the allegations present plausible claims.  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  The pleading must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  Although the complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level[.]"  Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Twombly, 127 S. Ct. at 1965).  The court should first identify any conclusory allegations and bare assertions that are not entitled to an assumption of truth, then consider the factual allegations that are entitled to a presumption of truth and determine if they plausibly suggest entitlement to relief.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009).  The well-pleaded facts must permit an inference of more than a mere possibility of misconduct.  Id. at 1950.

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment forthwith if the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See

Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson, 477 U.S. at 247-48 (emphasis in original).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. Id.

ANALYSIS

**Dispositive Motions**

Conversion

In Count VI, plaintiff asserts defendants GMAC, Freddie Mac, Bankers Trust, and Fifth Third willfully and wrongfully asserted possession and control over the property and aided in the conversion of the property. Michigan law does not recognize a claim for statutory conversion of real property. See Hurley v. Deutsche Bank Co. Americas, No. 07-11924, 2008 WL 373426 (E.D. Mich. Feb. 12, 2008), citing Head v. Phillips Camper Sales & Rental, Inc., 234 Mich. App. 94, 111 (1999). Plaintiff fails to even address its conversion claim in its response. Plaintiff's statutory conversion claim fails because it does not involve a claim for conversion of personal, moveable property, rather than real property. Plaintiff's conversion claim is therefore dismissed as to defendants Freddie Mac, Bankers Trust, and Fifth Third.

Declaratory Judgment and Action to Determine Interest in Land

In Count VII, plaintiff asserts a claim for declaratory judgment, asking the court to declare the legal rights and duties of the parties with respect to the property. In Count VIII, plaintiff asserts a claim for an action to determine interest in land under MCR 3.411, seeking to set aside the September 2010 sale.[1] Both claims are based on Freddie Mac's

---

[1] The third amended complaint refers to an "August, 2010" sale but the covenant deed is dated September 2010.

sale of the property in alleged violation of the June 30, 2010 order tolling the redemption period.[2]

Defendants argue Freddie Mac was not bound by the June 30, 2010 order. The June 30, 2010 order is a stipulated order and reflects an agreement between plaintiff, GMAC, and Bankers Trust. Bankers Trust and GMAC did not have an interest in the property. As set forth in Dunitz v. Woodford Apartments, 236 Mich. 45, 49 (1926) (emphasis added):

> A foreclosure of a mortgage extinguishes it. When the amount due under the mortgage is paid to the mortgagee by the purchaser at the sheriffs' sale, the lien is destroyed, and the purchaser becomes the owner of an equitable interest in the mortgaged premises which ripens into a legal title if not defeated by redemption as provided by law. It is not a 'lien, encumbrance or mortgage' which the purchaser at a foreclosure sale acquires, but it is an interest or title, equitable in character, and with nothing to be done on his part to make it absolute, if it is not redeemed within the period of time prescribed by law.

In other words, when a foreclosure sale takes place, the mortgage ceases to exist. It is replaced by the sheriff's deed. Here, only Freddie Mac as the purchaser at the foreclosure sale had an interest in the property at the time the circuit court entered the order. Therefore, only Freddie Mac had the right to agree to an extension of the redemption period. Freddie Mac was not a party to the circuit court case when the stipulated order was entered and therefore the order does not extend the redemption period.

---

[2]While plaintiff asserts arguments related to the proposed forbearance agreement, the agreement does not appear to be a basis of a claim against Freddie Mac in the third amended complaint. The claims relating to the forbearance agreement were asserted against Bankers Trust and GMAC and therefore those arguments will not be addressed here.

Because Freddie Mac was not a party to the litigation in state court when the court entered the stipulated order, plaintiff must establish that GMAC was acting as Freddie Mac's agent and that Freddie Mac had actual notice of the order. "In order for a person to become the agent of a principal under Michigan law, the principal must have acted in such a way as to confer authority, whether actual or apparent, on the prospective agent." West Bay Exploration Co. v. AIG Specialty Agencies of Texas, Inc., 915 F.2d 1030, 1035 (6th Cir. 1990).

With regard to actual authority, Freddie Mac argues it did not consent to the order. Freddie Mac employee Lynda Mallery submitted an affidavit in which she attests that Freddie Mac never agreed to toll the statutory redemption period or authorized GMAC or counsel for GMAC to do so on its behalf. Indeed, plaintiff does not allege Freddie Mac expressly authorized GMAC to toll the redemption period.

As to apparent authority, "apparent authority may arise when acts and appearances lead a third person reasonably to believe that an agency relationship exists[,]...[b]ut apparent authority must be traceable to the principal and cannot be established by acts and conduct of the agent." Echelon Homes, L.L.C. v. Carter Lumbar Co., 261 Mich. App. 424, 430 (2004) (internal citations and quotations omitted), reversed in part on other grounds by Echelon Homes, L.L.C. v. Carter Lumbar Co., 472 Mich. 192 (2005). Plaintiff argues GMAC was Freddie Mac's agent because GMAC acted as Freddie Mac's mortgage servicer, the two entities shared attorneys, and GMAC representative Patricia Scully mentioned "having to go back to Freddie Mac to check this thing or that thing" from time to time. However, the mere fact that one has authority to service a loan does not confer authority to toll the period for redemption. Such extension relates to the rights of the

purchaser at the foreclosure sale, not to the loan itself. GMAC's role as servicer of the mortgage ended with the foreclosure sale. Moreover, Freddie Mac's servicer guide defines loan servicers as independent contractors, "not Freddie Mac's agent or assignee." In addition, statements by GMAC representative Patricia Scully are not actions taken by the principal that would give rise to a reasonable belief that the principal conferred authority on GMAC to toll the redemption period because Scully is a representative of the supposed agent, not principal.

Plaintiff also fails to present evidence that Freddie Mac had actual notice of the order. Plaintiff relies on the July 7, 2010 email indicating the account was in litigation. However, the email, which was sent after the redemption period expired, only notified Freddie Mac that a lawsuit had been filed and that plaintiff was seeking an extension of the redemption period. It does not mention the order. Freddie Mac employee Lynda Mallery attests that Freddie Mac never received notice of the order tolling the redemption period between the time Freddie Mac purchased the property and the time Freddie Mac sold the property to Jeffrey Baskin and Lauren Newman. Mallery also attests that title searches were performed on July 13, 2010 and August 10, 2010 and that neither search revealed the order or the lis pendens.

Because plaintiff fails to present sufficient evidence suggesting GMAC was acting as Freddie Mac's agent when it entered into the stipulated order extending the redemption period, plaintiff's claims for quiet title and declaratory relief fail.[3] The court therefore grants

---

[3]Because the court finds insufficient evidence to create a genuine issue of material fact regarding the alleged agency relationship, the court need not address Freddie Mac's argument that it is protected from servicers' unauthorized conduct under the Merrill doctrine as well. The court also need not address Freddie Mac's argument that even if the order

summary judgment to defendants Freddie Mac, Jeffrey Baskin, Lauren Newman, and Fifth Third Mortgage on counts VII and VIII of the third amended complaint.

Slander of Title

In Count IX, plaintiff alleges Freddie Mac knew of the court order tolling the redemption period, caused the property to be sold, and filed a false deed in the chain of title. In Michigan, to establish a slander of title, a plaintiff must show falsity, malice, and special damages; a plaintiff must show that the defendant maliciously published false statements that disparaged a plaintiff's right in property, causing special damages. Sullivan v. Thomas Organization, PC, 88 Mich. App. 77, 82 (1979) (common law slander of title claim); GKC Michigan Theaters, Inc. v. Grand Mall, 222 Mich. App. 294, 301 (1997) (statutory slander of title claim pursuant to MCL 565.108). Freddie Mac argues plaintiff cannot establish the falsity or malice elements of his claim. Freddie Mac argues plaintiff cannot satisfy the falsity requirement because Freddie Mac was not bound by the stipulated order tolling the redemption period; therefore, Freddie Mac owned the property and was free to sell it. As to the malice requirement, Freddie Mac argues plaintiff cannot establish that Freddie Mac was even aware that an order had been entered when it sold the property. As such, Freddie Mac argues, plaintiff cannot show that Freddie Mac knew that it did not have title at the time it sold the property and sold the property with the intention of injuring plaintiff. For the reasons discussed above with respect to the quiet title and declaratory judgment claims, the court finds plaintiff has not come forward with sufficient evidence to show that Freddie Mac was even aware of the order. Plaintiff has also not

---

had effectively tolled the redemption period, nothing prohibited Freddie Mac from selling its equitable interest in the property to defendants Baskin and Newman.

come forward with sufficient evidence of agency to bind Freddie Mac to the order. Because plaintiff cannot satisfy the falsity and malice requirements of its slander of title claim, the grants summary judgment to defendants with respect to this claim.

**Plaintiff's Motion to Extend Dates and Permit Discovery**

In his motion to extend dates and permit discovery, plaintiff argues that certain defendants included new material in their summary judgment replies or supplemental materials, that the automatic stay as to GMAC requires plaintiff to change his litigation strategy, and that plaintiff needs discovery regarding the relationship between GMAC and Freddie Mac. Plaintiff requests that all deadlines be extended two months so that additional discovery can be conducted and so that plaintiff may file rebuttal responses to new material raised by defendants in their replies. Plaintiff also indicates he will seek relief from the Bankruptcy Court and may seek to transfer this case.

While plaintiff argues defendants' replies contained new material, the "new" material referenced consists of a publicly available document referred to in discovery and the plaintiff's deposition transcript. Freddie Mac's servicer guide, referred to in Freddie Mac's reply, was disclosed to plaintiff in discovery and is publicly available on Freddie Mac's website. Indeed, plaintiff's counsel acknowledged that the guide is available on the website and he had perused the guide before the June 18, 2012 hearing. Plaintiff clearly knows his own deposition testimony. The court fails to see why additional discovery or briefing is necessitated by these references to the guide or the deposition testimony. And, even if additional briefing was appropriate, plaintiff could have requested permission to file a supplemental brief addressing the "new" evidence within a short time period or could have simply filed one (as he filed a supplemental memorandum regarding this motion on July 12,

2012). Instead, plaintiff's request is directed at further discovery regarding the relationship between GMAC and Freddie Mac.

However, the discovery deadline in this case was December 30, 2011 and has not been extended. This case has been pending for more than two years and plaintiff has not taken a single deposition. Plaintiff's recent request for discovery relating to the relationship between Freddie Mac and GMAC focuses on a requested deposition of GMAC employee Scully. At the hearing, plaintiff argued that there are references in Freddie Mac's servicer guide providing direction to the servicers on a broad range of topics and that "there is a lot of control being exercised by Freddie Mac over the servicer even though they've chosen to try and universally define the relationship [as] something other than agency." These arguments focus on GMAC's role as servicer. However, the crux of the claim against all defendants except GMAC is that Freddie Mac sold the property in violation of the circuit court order. At the time the circuit court order was entered, GMAC no longer played a role as servicer. GMAC's role as servicer was extinguished through the foreclosure sale. It is the post-sale relationship between GMAC and Freddie Mac that is key to disposition of the claims at issue in this case (except against GMAC) and plaintiff has not provided sufficient evidence to survive the summary judgment motions.

In addition, as it relates to the agency argument, it appears discovery should be focused on Freddie Mac. As discussed above, it is the actions of Freddie Mac, the supposed principal, that are key to a determination of apparent authority. Plaintiff has not taken depositions of Freddie Mac individuals. Apparently, Freddie Mac had agreed to produce witnesses on January 23 and 25, 2012 for depositions to take place in Virginia and Texas. After defendant's counsel made hotel and flight arrangements, on January 18,

2012, plaintiff's counsel cancelled the depositions. He stated that the client wanted to substitute counsel. Plaintiff's new counsel asked that the Freddie Mac witnesses be made available on June 12 and 14, 2012. When no deposition notice was received, defense counsel emailed plaintiff's new counsel on May 18, 2012 in an attempt to confirm the depositions. No response was received. On June 5, 2012, defense counsel again wrote to plaintiff's new counsel stating that he had advised his clients the depositions would not take place since he had not heard back from plaintiff's counsel or received any deposition notice. On June 8, 2012, plaintiff's counsel indicated he intended to file this ex parte motion.

The discovery deadline passed long before plaintiff filed this motion seeking to extend deadlines and take discovery and plaintiff had not taken a single deposition. At this point, the court does not see a valid reason to extend the dates and allow for additional discovery. Plaintiff's motion is denied.

CONCLUSION

For the reasons set forth above, the motion for dismissal or summary judgment filed by Bankers Trust Company and GMAC (#41) is GRANTED as to Bankers Trust Company, the proceedings involving defendant GMAC remain stayed, the remaining motions for dismissal or summary judgment (#56 and #58) are GRANTED, and plaintiff's motion to extend the dates and permit discovery (#74) is DENIED.

Dated:  September 17, 2012

                                                                  s/George Caram Steeh
                                                                  GEORGE CARAM STEEH
                                                                  UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 17, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---